UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:13-cr-00098 JLT BAM |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |
| v. | |
| CASS EUGENE MITCHELL, | (Doc. 26) |
| Defendant. | |

Cass Eugene Mitchell is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the percentage of sentence served, rehabilitation while in custody, and family medical concerns. (*See generally* Doc. 26.) He also seeks relief pursuant to 18 U.S.C. § 3582(c)(2) and the "status point" provision of the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (*See id.*) The Government filed its opposition on October 31, 2024. (Doc. 42.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion for compassionate release is **DENIED**.

I.  **Background**

In January 2013, Defendant was on supervised release following a 2006 conviction for possession of child pornography. (Doc. 1 at 4.) One of the conditions of Defendant's supervised release required that he not own or use any computers or computer storage media devices or have access to the internet absent prior consent from the court. (*Id.*) On January 22, 2013, after Defendant's

1

probation officers learned that Defendant no longer resided at the sober living facility where he had been living, and that Defendant had been "sneaking away" with a backpack to a nearby McDonald's to use their free wireless internet, the officers performed a home visit at Defendant's residence. (*Id.* at 4-5.) Defendant surrendered a backpack containing a laptop computer and a hard drive, which were seized as evidence of a violation of Defendant's supervised release conditions. (*Id.* at 5.) The Department of Homeland Security performed a forensic preview of the devices, which revealed 16 images meeting the definition of child pornography and computer programs suggesting the images were obtained through the internet. (*Id.* at 5-6.) On March 14, 2013, a grand jury returned an indictment charging Defendant with receipt or distribution of a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). (Doc. 9.) On May 13, 2013, Defendant pled guilty to the charge pursuant to a written plea agreement. (Docs. 11, 14.)

Following Defendant's guilty plea, the probation office prepared a Presentence Investigation Report. (PSR, Doc. 19.) The PSR indicated a total offense level of 27, which included a 10-level increase based on Defendant's use of a computer for the possession of more than 10 images portraying sadistic or masochistic conduct of a minor under the age of 12 years; and a 5-level decrease based on Defendant's acceptance of responsibility and no indication that the material was transmitted to another person. (*See* PSR ¶¶ 14-23.) The PSR calculated a total of 5 criminal history points based on Defendant's criminal history, which included 2 status points for committing the offense while under supervised release. (PSR ¶¶ 25-39.) This placed Defendant in criminal history category III, which resulted in an advisory sentencing guideline range of 80 to 108 months. (PSR ¶¶ 39, 62.) However, pursuant to U.S.S.G. § 5G1.1(b), where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the mandatory minimum sentence is also the guideline sentence. (*Id.*) Thus, the guideline sentence was the mandatory minimum term of 180 months. (*Id.*)

On July 29, 2013, the sentencing judge adopted the PSR in full, imposing a mandatory sentence of 180 months in custody followed by a mandatory 300-month term of supervised release. (Doc. 22 at 2-3; Doc. 30 at 4-5.) Defendant is currently serving his sentence at Federal Correctional Institution Lewisburg in Lewisburg, Pennsylvania. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited May 13, 2025). His projected release date is

April 6, 2026. *Id.*

## II.   Sentence Reductions under 18 U.S.C. § 3582(c)(1)(A)

### A.   Legal Standard

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Prior to the enactment of the First Step Act of 2018 ("FSA"), motions for compassionate release could only be filed by the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). Under the FSA, however, imprisoned defendants may now bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). In analyzing whether a defendant is entitled to compassionate release under § 3582(c)(1)(A)(i), the court must determine whether a defendant has satisfied three requirements:

> First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Second, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction" and "that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.["] *Id.* Third, the district court must also consider "the factors set forth in Section 3553(a) to the extent that they are applicable." *Id.*

*United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019); *see also United States v. Ramirez-Suarez*, 2020 WL 3869181, at *2 (N.D. Cal. July 9, 2020); *United States v. Trent*, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020) (noting that as to the third factor under 18 U.S.C. § 3582(c)(1)(A), release must be "consistent with" the sentencing factors set forth in § 3553(a)).

### B.   Administrative Exhaustion

Section 3582 permits a defendant to apply to a federal district court for a sentence modification only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

3

If the BOP denies a defendant's request within 30 days of receipt of such a request, the defendant must appeal that denial to the BOP's "Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a). If the Regional Director denies a defendant's administrative appeal, the defendant must appeal again to the BOP's "General Counsel within 30 calendar days of the date the Regional Director signed." *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.* When the final administrative appeal is resolved, a defendant has "fully exhausted all administrative rights." *See* 18 U.S.C. § 3582(c)(1)(A).

Defendant's administrative remedy request, signed November 27, 2023, was received by the Administrative Remedy Clerk at USP Lewisburg on November 29, 2023. (*See* Doc. 26 at 10.) The request was rejected by the Administrative Remedy Coordinator the same day. (*See id.* at 9.) The rejection notice cited illegibility and inconsistent wording as reasons for the rejection. (*Id.*) The notice, however, indicated that Defendant could resubmit his request within five days of the date of the notice. (*Id.*) Defendant does not claim that he appealed the rejection or that he resubmitted an administrative request, and the record reflects neither. Instead, Defendant filed this motion for compassionate release with the Court on January 26, 2024. (Doc. 26.) The Government argues that Defendant's failure in this regard bars his motion. (*See* Doc. 42.) The Court agrees.

Section 3582(c)(1)(A)'s "administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). In *Keller*, the defendant filed a motion for compassionate release in federal court eight days after the warden received his administrative request, rather than the requisite 30 days. *Id.* at 1283. Keller also did not exhaust his rights to appeal the BOP's failure to bring a motion on his behalf. *Id.* The government objected on these grounds and the district court denied defendant's motion without addressing the government's objection. *Id.* at 1281. On appeal, the Ninth Circuit reviewed the district court's denial for abuse of discretion, finding that "because the government properly objected to Keller's failure to exhaust his administrative remedies, the district court erred by overlooking the government's objection and addressing Keller's motion on its merits." *Id.* at 1283.

The Government has properly raised an objection to Defendant's failure to exhaust his administrative remedies with the BOP before seeking relief in federal court. Accordingly,

§ 3582(c)(1)(A)'s mandatory exhaustion requirement "must be enforced." *Keller*, 2 F.4th at 1282. The Court therefore **DENIES** Defendant's motion pursuant to § 3582(c)(1)(A) as premature.[1]

### III. Sentence Reductions under 18 U.S.C. § 3582(c)(2)

#### A. Legal Standard

The limited circumstances in which a court may modify a sentence also include compassionate release "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. Section 1B1.10(a)(2) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2) (Nov. 1, 2023).

As such, district courts conduct a two-step inquiry to determine if a prisoner is eligible for relief under § 3582(c)(2). *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon*, 560 U.S. at 826); *see also United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (same). The court begins by "determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks omitted). If a defendant is found "eligible" under the first step, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a) to determine whether, in its discretion, "the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *Dunn,* 728 F.3d at 1155.

---

[1] Because the Court concludes that Defendant's motion is premature, the Court need not reach whether extraordinary and compelling reasons merit release or consider the § 3553(a) sentencing factors. *See Keller*, 2 F.4th at 1284 ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step").

5

### B.  "Status Point" Provision of Amendment 821

Defendant claims he qualifies for relief under Part A of Amendment 821 to the Sentencing Guidelines but concedes that due to the mandatory minimum sentence required in his case, he cannot receive relief. (Doc. 26 at 2.) The Court agrees.

Part A reduces the number of "status points" assigned to certain defendants who committed their offense while under a criminal justice sentence, thereby lowering the impact on the defendant's criminal history. *See* U.S.S.G. § 4A1.1. The amended provision instructs the sentencing judge to:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e) (Nov. 1, 2023). Therefore, under Amendment 821, a defendant who presents 7 or more criminal history points now receives 1 status point, instead of 2, for an offense committed while under a criminal justice sentence, and a defendant who presents 6 or fewer criminal history points now receives no status points. *Compare* U.S.S.G. § 4A1.1(d) (prior to Nov. 1, 2023), *with* U.S.S.G. § 4A1.1(e) (Nov. 1, 2023).

Because Defendant was assigned 6 or fewer criminal history points, he would not receive any status points under the amended status points provision, which would reduce his criminal history score to 3. According to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of 3 places Defendant in criminal history category II rather than III. This would result in a sentencing guidelines range of 78 to 97 months. However, because Defendant's guideline sentence was the mandatory minimum term of 180 months pursuant to U.S.S.G. § 5G1.1(b), application of Amendment 821 does not reduce Defendant's guideline sentence, rendering him ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) at the first step. The Court does not consider the § 3553(a) sentencing factors. *Dillon*, 560 U.S. at 827.

///

///

///

///

6

///

## IV. Conclusion and Order

Based upon the foregoing, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and (c)(2), (Doc. 26), is **DENIED**.

IT IS SO ORDERED.

Dated:   **May 13, 2025**

UNITED STATES DISTRICT JUDGE